LIZZIE BROWN v. JESSE R. BROWN.

(Decided February 21, 1899).

*Husband and Wife—Parent and Child—Malice, in a legal sense—Judge's Charge.*

1. Whilst the law carefully guards the marriage relation and protects it from unwarranted outside interference, at the same time, the law can not disregard the tender relation of parent and child, with its natural affection and duties, still remaining after the marriage of the child.

2. In the case of unhappy matrimonial disagreements, the child naturally turns to the parent for comfort and advice—and the law recognizes the right of the parent, in such cases, to advise the child. When such advice is given in good faith, which will be presumed until the contrary appears, and results in a separation of the married parties—such result. of itself, gives no right of action to the injured party against the parent.

3. To sustain such action, the complaint must in substance aver that the separation was maliciously caused by the defendant, and the evidence must support the averment. The defendant, upon request, is entitled to the charge. If the jury find that the defendant caused the separation, yet you shall not render a verdict for the plaintiff unless you find the defendant maliciously caused the separation.

4. The malice, necessary to be alleged and proved, is not alone such malice as must proceed from a malignant and revengeful disposition, but that it would be sufficient to prove to the satisfaction of the jury that the parent's action was taken without proper investigation of the facts, or where the advice was given from recklessness or dishonesty of purpose—the law presuming malice from such conduct in actions of this nature.

CIVIL ACTION for damages, tried before *Norwood, J.*, and a jury, at Spring Term, 1898, of the Superior Court of PASQUOTANK County. The plaintiff was the daughter-in-law of defendant. The complaint substantially charged that

the defendant maliciously alienated the affections of her husband from her and caused him to abandon her. The answer denied the charge. The evidence was voluminous and conflicting.

Among other things, his Honor instructed the jury that: "If the jury find that the defendant *willfully* caused the plaintiff's husband to forsake and abandon her, the plaintiff is entitled to recover." And as to the measure of damages, that if they should find that the defendant caused the plaintiff's husband to willfully forsake and abondon her, and that it was not done with malice, they should give only such actual damages as the plaintiff had sustained.

Defendant excepted.

There was a verdict for plaintiff for $800. Judgment accordingly, and defendant appealed.

*Messrs. G. W. Ward* and *Pruden & Pruden,* for appellant.
*Mr. E. F. Aydlett,* for appellee.

MONTGOMERY, J. The only question (raised by demurrer to the complaint) for decision when this case was here before, (121 N. C., 8,) was whether a married woman, abandoned by her husband, could maintain without the joinder of her husband, an action in tort. The Court held that such an action could be maintained. The present appeal is before us on exceptions to the charge of his Honor.

The complaint contains three alleged causes of action; the first, that the defendant unlawfully, wrongfully and wickedly intending to injure the plaintiff and to deprive her of the society and aid of her husband, destroyed the affection of her husband toward her and caused him to leave and abandon her; second, that he commenced against her a false and malicious prosecution for an alleged assault and battery upon her

husband; and third, for the false arrest and imprisonment of the plaintiff, based upon such charge.

The defendant is the father of the plaintiff's husband, and in his answer there is a denial of the material allgations of the complaint.

The issues arising on the pleadings as to the last two causes of action were found in favor of the defendant, and therefore do not concern the appeal. The first issue was in these words: "Did defendants alienate the affection of the plaintiff's husband and cause him to abandon her, as alleged in the complaint?" The second issue was: "If so, what damage has plaintiff sustained?" His Honor, in substance, instructed the jury that if they should find that the defendant *willfully* caused the defendant's husband to forsake and abandon her, the plaintiff would be entitled to recover, and the jury should answer the first issue, "Yes." And as to the measure of damages, the Court charged the jury that if they should find that the defendant caused the plaintiff's husband to willfully forsake and abandon her and that it was not done with malice, they should give only such actual damages as the plaintiff had sustained.

There was error in those instructions. The complaint in substance, alleged, that the conduct of the defendant was malicious. The charge of his Honor was that, "if the jury should find that the defendant *willfully* caused the husband to abandon the wife, then the first issue (which raised the question of malice in the defendant) should be answered in the affirmative. The word 'willfully' does not mean maliciously. 'Willfully' implies that an act done in that spirit is done knowingly and obstinately and persistently, but not necessarily maliciously." *State v. Massey,* 97 N. C., 465.

It can not be that the law disregards the tender relations of kinship and natural affection between parent and child

BROWN *v.* BROWN.

and the duties which such relations impose, even though the child is married. In case of unhappinesss and disagreements between the married couple, it is almost impossible to conceive of the indifference on the part of the parent to such conditions, and certain it is that the child naturally turns to the parent for comfort and advice under such circumstances. There are laws of natural affection and of natural duty, and municipal law will not obstruct their free operation as long as they are not abused The presumption in fact and in law in all such cases must be, and is, that the parent will act only for the best interest of the child and for the honor of the family. In *Reed v. Reed* (Appellate Court of Indiana), 33 N. E. Rep., 638, where the defendant was the father of the plaintiff's husband, and the cause of action the same as that in the case before this Court, it was said: "The law recognizes the right of the parent in such cases to advise the son or daughter; and when such advice is given in good faith and results in a separation, the act does not give the injured party a right of action. In such a case, the motives of the parent are presumed good until the contrary is made to appear." It was further said in that case that, "These rules have been generally applied in cases where the suit was brought by the husband for the alienation of his wife, and we see no reason why they should not, with proper modifications, prevail when the wife is the plaintiff." In *Westlake v. Westlake,* 34 Ohio, 621, the plaintiff was, as is the case in this action, the wife of the defendant's son, and the cause of action like the one alleged in the present case. The defendant there requested the Court to charge the jury that, "If you find that the defendant caused the separation, yet you shall not render a verdict for the plaintiff unless you find the defendant maliciously caused the separation." The court refused to give the instruction, and upon the appeal of the de-

fendant the appellate court said: "This charge ought to have been given." The term "malice," as applied to torts, does not necessarily mean that which must proceed from a spiteful, malignant or revengeful disposition, but a conduct injurious to another, though proceeding from an ill-regulated mind not sufficiently cautious before it occasions an injury to another. 11 Serg. & R., 39, 40. If the conduct of the defendant was unjustifiable and actually caused the injury complained of by the plaintiff, which was a question for the jury, malice in law would be implied from such conduct, and the Court should have so charged."

We are of the opinion, after having given the matter the serious consideration which it deserves, that, before a parent can be held liable in damages for advising his married child to abandon his wife, or her husband, the conduct of the parent should be alleged and proved to be malicious; that the willful advice and action of the parent in such a case may not be necessarily malicious, for the parent may be determined and persistent and obstinate in his purpose to cause the separation, and yet be entirely free from malice—in fact, have in view the highest good of his child. Our opinion, however, is that the malice necessary to be alleged and proved is not alone such malice as must proceed from a malignant and revengeful disposition, but that it would be sufficient to prove to the satisfaction of the jury that the parent's action was taken without proper investigation of the facts, or where the advice was given from recklessness or dishonesty of purpose—the law presuming malice from such conduct in actions of this nature.

Error.