Clark *v.* Clark—187 Ind. 25.

# CLARK ET AL. *v.* CLARK.

[No. 23,274. Filed December 21, 1917.]

1. HUSBAND AND WIFE.—*Alienation of Affections.*—*Burden of Proof.*—In an action for damages brought by a wife against the parents of her husband for the alienation of her husband's affections, she assumes the burden of proving not only that the husband lost his affection for her and abandoned her, but also that this result was caused by the wrongful influence and the wilful and malicious conduct of one or both of the defendants; and in the absence of such proof it will be assumed that the parents acted in good faith. p. 27.

2. HUSBAND AND WIFE.—*Alienation of Affections.*—*Malice.*—*Inference.*—In an action for alienation of affections, malice of the defendants may be inferred from wrongful and unjustifiable acts and conduct. p. 29.

3. APPEAL.—*Review.*—*Evidence.*—*Weight.* — *Credibility.* — It is not the province of the court on appeal to pass upon the credibility of the witnesses, nor to weigh the evidence for the purpose of determining on which side the preponderance lies. p. 30.

4. TRIAL.—*Instructions.*—*Review.*—It is not error to refuse instructions requested by a party where those requested, in so far as they state the law correctly, are fully covered by other instructions given by the court. p. 30.

5. HUSBAND AND WIFE.—*Alienation of Affections.*—*Conduct of Spouse.*—*Admissibility.*—In an action by the wife for alienation of her husband's affections, in order to prove the loss of his affections, it is proper for her to prove his general conduct toward her, and his manner of treating her; and she may prove anything that he said to her or others indicating a want of respect, regard or love for her, as well as any statements showing dissatisfaction with her, a desire to be rid of her, or a distressed state of mind in reference to the marriage relation, such declarations being competent not to prove the facts to which they relate but to indicate the existence of a state of mind that would prompt them. p. 30.

6. TRIAL.—*Instructions.*—*Necessity for Request.*—The defendants cannot complain of the failure to give an instruction limiting the application of certain evidence in the absence of a request for the instruction. p. 31.

7. APPEAL.—*New Trial.*—*Waiver of Error.*—Reasons assigned as causes for a new trial that are not presented by the briefs are waived. p. 31.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Effie Clark, by her next friend, Martin Nicholson, against Thomas Clark and wife. From a judgment for plaintiff, the defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590). *Affirmed.*

*A. W. Hamilton* and *Watkins & Butler,* for appellants.

*Fred H. Bowers* and *Milo N. Feightner,* for appellees.

LAIRY, J.—This was an action by appellee against appellants to recover damages on account of the alienation of the affections of her husband, Virgil Clark, who is a son of appellants. The trial resulted in a judgment for $500 in favor of appellee. Appellants assign as the only error that the trial court erred in overruling their joint motion and their several motions for a new trial.

Appellee and Virgil Clark were married on January 8, 1914, and lived together as husband and wife, residing at the home of appellee's parents until July 15, 1914, at which time Virgil Clark left appellee and returned to live with his parents, who are the appellants. At the time of the marriage appellee was seventeen years of age and her husband was nineteen years old.

Appellants assert that the evidence is not sufficient to sustain the verdict against them or either of them. The evidence shows without dispute that the husband of appellee lived with her for only a few months, after which he returned to the home of his parents and refused to live with her longer as her husband, but it is asserted that there is no evidence to show that the separation was caused or brought about by the wilful and

malicious conduct of appellants whereby the affections of their son were alienated from appellee and whereby he was wrongfully pursuaded, induced and enticed to leave her, as alleged in her complaint.

Appellee assumed the burden of proving not only that her husband lost his affection for her and abandoned her, but also that this result was caused by the 1. wrongful influence and the wilful and malicious conduct of appellants. The *quo animo* is always a material question in actions of this character. The conduct which results in the alienation of the affections must be wrongful and unjustifiable. Where a wife, as in this case, charges the father and mother of her husband with alienating his affections, the burden rests upon her to prove that one or the other or both were guilty of some improper, wrongful and unjustifiable conduct which brought about the result of which she complains. In the absence of proof to the contrary it will be assumed that the parents act in good faith, inspired by a proper regard for the welfare and happiness of their child.

In considering whether or not there is some evidence to sustain the verdict, this court can consider only the evidence which tends to support it. There is evidence that appellee and her husband lived peaceably and agreeably together for three or four months after their marriage and that during such time they frequently visited at the home of his parents who lived on a farm not far distant from the farm on which they resided with the parents of appellee. About the last of April or the first of May differences began to arise between appellee and her husband's parents and the latter began to manifest an ill feeling toward appellee. There is evidence that on the evening of May 3, which was Sunday, the first serious difference arose; that appellee and her husband were on that evening at the home of his parents

when she received a telephone message requesting them to come home and assist her parents with the farm chores. At the time the message was received her husband was not at the house, so she and one of his sisters went over to the home of her parents and assisted with the work, returning later. After her return her husband's parents seemed angry and started a wordy controversy with appellee in which they complained that they could not have their boy with them as much as they desired and stated that "if they could not have him more they would see if they could not have him more." On the following day the husband and his father had a conversation with appellee and her father in which his father proposed that his son come to his home to live for the remainder of that summer and the following winter. In the month of June, on an occasion when appellee was with her husband at the home of his parents, a controversy arose in which appellant Thomas Clark shook appellee violently and forced her into a chair, using toward her harsh and profane language. She was at the time pregnant. During this conversation he said to appellee, "If you do not let Virgil come home, I will bring him and we will keep him here and you cannot have him." In the same conversation he used disparaging language toward appellee in the presence of her husband saying, "you have disgraced my son," and upon appellee's inquiry in what way she had disgraced him, appellant Lilly Clark replied, in the presence of her husband and the husband of appellee, charging appellee in coarse language with having produced several miscarriages upon herself, evidently referring to a time previous to her marriage. After this occurrence, appellee did not again accompany her husband to the home of his parents, but there is testimony to show that he visited them as often as twice each week, and that when he would return from these visits he

Clark v. Clark—187 Ind. 25.

would be moody and sullen toward his wife and that his conduct and demeanor toward her changed. He became cold and indifferent in his treatment, and his language toward her was frequently harsh and abusive. On one occasion he stated to his wife that she was weakly and that he wished he could get out of the whole thing. The final separation occurred in July when Virgil Clark returned one night from the home of his parents about two o'clock a. m. Appellee was waiting for her husband and, when he drove up, she went out to the buggy. Her father and mother came out and a conversation ensued, which was more or less heated and acrimonious according to the various versions of the different witnesses. Appellee and her father and mother went into the house, and her husband, after putting up the horse, went to his father's house. A day or two afterwards he got his clothes and took them to the home of his parents and has never since lived with appellee, nor requested her to live with him as his wife. It also appears from declarations of both of the appellants that they had the inclination and disposition of mind to alienate the affections of their son from appellee and to take him from her and keep him. Nothing could have been better calculated to destroy the respect and the love of the son for his wife than the disrespectful treatment which she received at their hands and the disparaging language and the vile and humiliating accusations which they addressed to her in his presence. Appellee's husband was quite young at the time and there is evidence of statements and conduct on his part tending to show that his mind was very subservient to the influence of his parents. The evidence shows declarations and conduct on the part of both of appellants indicating that they entertained ill feeling and

2. malice toward appellee, besides malice may be inferred from wrongful and unjustifiable acts and

conduct. 13 R. C. L. 1471; *Brown* v. *Brown* (1899), 124 N. C. 19, 32 S. E. 320, 70 Am. St. 574.

The evidence referred to in the opinion is taken chiefly from the testimony of appellee. This testimony is disputed by other evidence in the case and there is much evidence in the record favorable to appellants to which no reference is made in this opinion. It is not the province of this court to pass upon the credibility of witnesses, nor to weigh the evidence for the purpose of determining on which side the preponderance lies. These duties in the first instance rest with the jury and later with the trial court in passing on the motion for a new trial, where the insufficiency of the evidence to sustain the verdict is assigned as a cause. This court is of the opinion that there is some evidence to sustain the verdict.

Another ground on which the motion for a new trial is based is the action of the trial court in refusing certain instructions requested by appellants, and in giving to the jury certain instructions alleged to be erroneous. An examination of the instructions requested by appellants and refused shows that, in so far as they stated the law correctly, they were fully covered by other instructions given. Appellants cannot justly complain of the instructions given. They state the law applicable to the case fairly and quite fully, and, in some instances, they are more favorable to appellants than they had a right to ask.

Several of the causes assigned for a new trial are based upon rulings of the court on objections to the admission of evidence. Most of these objections were directed to evidence showing the actions, conduct, language, declarations, and conversations of Virgil Clark out of the presence and hearing of appellants. It was material for plaintiff in the trial court to show that she had lost the love and affections of

her husband. This could be shown by proof of his general conduct toward her and his manner of treating her. For this purpose it was proper to show anything that he said to her or to others indicating a want of respect, regard or love for his wife, as well as any statements indicating a distressed and disturbed state of mind with reference to his marriage relations and showing dissatisfaction with his wife or a desire to be rid of her. Such evidence is not competent to prove the facts to which such declarations relate, but only to indicate the existence of a state of mind on the part of the declarant which would prompt such statements. *Fuller* v. *Robinson* (1910), 230 Mo. 22, 130 S. W. 343, Ann. Cas. 1912A 938, 944; *Preston* v. *Bowers* (1861), 13 Ohio St. 1, 82 Am. Dec. 430, 432.

The evidence objected to was competent for the purpose indicated and the court did not err in admitting it. Appellants had a right to an instruction limiting its application, but, as they requested no instruction of this kind, they cannot complain.

A number of the reasons assigned as cause for a new trial are not presented by the briefs and are therefore waived.

The record and briefs disclose no reversible error and the judgment should be affirmed. Judgment affirmed.

NOTE.—Reported in 118 N. E. 123. Husband and wife: (a) action for alienation of affections, 6 Ann. Cas. 661, 14 Ann. Cas. 47, Ann. Cas. 1912C 1179, 1916C 748; (b) liability of parent for causing separation of husband and wife, 9 L. R. A. (N. S.) 322, 46 L. R. A. (N. S.) 467; (c) wife's right of action for alienation of her husband's affections, 46 Am. St. 473. See under (1-5) 21 Cyc 1624; (6) 38 Cyc 1756.