## CROWELL ET AL. v. JEFFRIES.

[No. 11,177. Filed April 7, 1922. Rehearing denied December 13, 1922. Transfer denied April 5, 1923.]

1. HUSBAND AND WIFE.—*Alienation of Wife's Affections.—Action.—Verdict.—Evidence.—Sufficiency.*—In a husband's action against the parents of his wife for the alienation of her affections, evidence *held* insufficient to sustain a verdict for plaintiff. pp. 515, 517.

2. HUSBAND AND WIFE.—*Alienation of Wife's Affection.—Action.—Burden of Proof.*—In a husband's action against the parents of his wife for the alienation of her affections, plaintiff has the burden of proving, not only that his wife lost her affection for him and abandoned him, but also that this was caused by the wrongful influence and the wilful and malicious misconduct of defendants, and, in the absence of proof to the contrary, it will be assumed that the parents acted in good faith, and were inspired by proper regard for the welfare and happiness of their child. p. 516.

3.   APPEAL.—*Record.—Bill of Exceptions.—Filing.—Signing by Judge.—Statutes.*—Where it appears from an order-book entry that, within the time allowed, the bill of exceptions containing the.evidence was presented to the trial judge in open court and by him approved, signed and ordered made a part of the record, and that the bill was then filed in the office of the clerk and made part of the record of the cause, there was a sufficient compliance with §657 Burns 1914, Acts 1897 p. 244, requiring that it shall appear from the record that the bill was presented to the trial judge for his signature in proper time and "that the same was signed by the judge and filed with the clerk of said trial court or in open court," and the evidence was part of the record. p. 517.

4.   TRIAL.— *Jury's Failure to Find on all Issues.— Venire de Novo.*—Where the complaint states two separate causes of action in separate paragraphs of complaint, and the jury returned a general verdict only as to the issues presented by one paragraph, the verdict was defective and subject to *venire de novo.*  p. 519.

From Decatur Circuit Court; *John W. Craig,* Judge.

Action by Russell N. Jeffries against Charles Crowell and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Connelley & Connelley* and *Tremain & Turner,* for appellants.

*A. B. Wycoff, Hugh Wickens* and *Frank Hamilton,* for appellee.

MCMAHAN, J.—Complaint by appellee against appellants in two paragraphs. The first paragraph charges appellants, who were the parents of appellee's wife, with alienating her affections. The second charges them with malicious prosecution. There was a trial by jury and a verdict in favor of appellee on the first paragraph. There was no verdict on the second paragraph. No question having been raised as to the effect of the failure of the jury to find on the issues tendered by the second paragraph, the court rendered a judgment against appellants on the first paragraph of complaint.

The only question presented for our consideration is the sufficiency of the evidence to sustain the verdict.

Appellee testified that he first met appellants' daughter, Hilda, about the middle of September, 1919, at the home of his parents where appellee was then living, he then being twenty-three years old; that soon thereafter he proposed marriage and she accepted his proposal; he asked her if he should ask her parents and she said it was not necessary, and that she would be twenty years old the following month. He later asked her if they had not better get married away from Batesville, where they both lived, and she consented to go to Indianapolis, provided his sister would go along. The sister agreed to go with them. This arrangement appears to have been made at the home of appellee, as the witness testified that Hilda went home in the absence of her parents and got her clothes, and on her return they came to Indianapolis and were married the next day, Saturday, September 27, 1919. They remained at the home of a relative of appellee until the following Tuesday, when appellants came to the house where appellee and his wife were staying. He was not surprised, as his parents had informed him they were looking for their daughter, and that they had notified the police at Indianapolis and other cities. Appellants, accompanying a police matron, came to the house where appellee and his wife were staying about 6:00 p. m. Tuesday. As soon as the daughter saw her parents, she "changed" and ran with open arms to her father, threw her arms around him and fainted. The father, the daughter, appellee, and the matron went to police headquarters, after which the matron returned and got Mrs. Crowell. While at the police station Mr. Crowell asked that appellee be arrested for kidnapping his daughter. No arrest was made, however. During this conversation the police officer told Mr. Crowell that if

the daughter wanted to go home with her parents she could do so, and if she wanted to stay she could do so, that she could do as she pleased. The father then asked her if she wanted to go home, and she said, "Yes." The daughter returned home with appellants. Soon thereafter appellee was arrested on a charge of kidnapping filed at Batesville by the father. This was later dismissed. While this charge was pending he went to appellants' home and saw both appellants and their daughter, appellee's wife. Appellants made no objections to him talking to his wife, never told him to stay away from her; neither of her parents ever told him that she could not live with him.

The evidence is not clear as to the age of the daughter, although it is very evident that she was quite young. The only other evidence in any manner connecting Mrs. Crowell with the separation of appellee and his wife was the testimony of appellee's aunt, who testified that when Mrs. Crowell was at her home in Indianapolis at the time appellee was taken to the police station, Mrs. Crowell stated that she would send appellee to the penitentiary for kidnapping her daughter. There is no evidence tending in the least to show that appellants or either of them said or did anything to their daughter to influence her to leave appellee. No improper act or statement of appellants or either of them was proved, nor was there any circumstance proved to justify the inference that they or either of them had done anything to improperly influence their daughter or alienate her affections.

Appellee had the burden of proving, not only that his wife had lost her affection for him and abandoned him, but also that this was caused by the wrongful influence and the wilful and malicious misconduct of appellants. The conduct which results in the alienation of the affection must be wrongful and un-

Crowell *v.* Jeffries—79 Ind. App. 513.

justifiable. When a husband charges the father and mother of his wife with alienating her affection, the burden is on him to prove that one or the other or both was guilty of some improper, wrongful, and unjustifiable conduct which brought about the result of which he complains. In the absence of proof to the contrary, it will be assumed that the parents acted in good faith, and were inspired by a proper regard for the welfare and happiness of their child. *Clark* v. *Clark* (1917), 187 Ind. 25, 118 N. E. 123.

There was evidence introduced in support of the second paragraph of complaint. The record shows that the court in instructing the jury informed them that a failure to find upon a paragraph of complaint was equivalent to and would be considered a finding against the party having the burden of proof. The correctness of this instruction is not before us. Neither the correctness nor the effect of this instruction is presented for our consideration. The evidence introduced in support of the second paragraph of complaint may have had some influence with the jury in returning a verdict against appellants on the first paragraph, but we are clear that there is not a scintilla of evidence to support the verdict against appellants on the first paragraph of complaint.

Judgment reversed with instructions to grant a new trial and for further proceedings consistent with this opinion.

ON PETITION FOR REHEARING.

McMAHAN, J.—There is no merit in appellee's contention that the evidence is not in the record. It appears from an order-book entry that, within the time allowed, the bill of exceptions was presented to the trial judge in open court and by him approved, signed and ordered made a part of the record,

and that such bill of exceptions having been so signed and ordered made a part of the record was then "filed in the office of the clerk of said court and made a part of the record of said cause; which said bill of exceptions containing the evidence, is in the words and figures, to wit."

This is a sufficient compliance with §657 Burns 1914, Acts 1897 p. 244, which requires that it shall appear from the record that the bill was presented to the trial judge for his signature in proper time and "that the same was signed by the judge and filed with the clerk of said trial court or in open court." *Wabash Paper Co.* v. *Webb* (1896), 146 Ind. 303, 45 N. E. 474; *Baker* v. *State* (1910), 174 Ind. 708, 93 N. E. 14.

Appellee's next contention is that, since the first and second paragraphs of complaint stated separate and distinct causes of action, there was no error in overruling the motion for a new trial which was not limited to the issues presented by the first paragraph of complaint. This is upon the assumption that the failure of the jury to find in favor of appellee on the second paragraph of complaint was a finding in favor of appellants in so far as that paragraph was concerned, and that appellants were not entitled to a new trial upon the issues presented by that paragraph.

The court submitted a number of forms of verdicts to the jury, but no form of verdict was submitted for the guidance of the jury in case it found in favor of appellee on but one paragraph of his complaint. Neither did the court give the jury any instructions as to its duty or the form of its verdict under such circumstances.

We have here a case where two separate and distinct causes of action were stated in separate paragraphs of complaint, trial by jury and a general verdict returned as to the issues presented by one paragraph and no ver-

dict returned as to the issues presented by the other paragraph.

Appellee assumes that the failure of the jury to return a verdict in his favor on the second paragraph of complaint must be considered as a finding in favor of appellants upon that paragraph of complaint and given the same effect as if the jury had actually returned a verdict in favor of appellants on that paragraph.

We had occasion recently to review the authorities bearing upon the effect of the failure of the jury to pass upon all issues when returning a general verdict. *Brehm* v. *Henning* (1919), 70 Ind. App. 625, 123 N. E. 821; *Lake Erie, etc., R. Co.* v. *Griswold* (1920), 72 Ind. App. 265, 125 N. E. 783.

The jury in the instant case stopped short of a full determination of the case. The verdict was ill and defective and subject to the *venire de novo*. *Maxwell* v. *Wright* (1903), 160 Ind. 515, 67 N. E. 267. While the motion for a new trial does not reach the defect in the verdict, that is, the failure to find on all the issues, it does present the question as to the sufficiency of the evidence to sustain the verdict actually rendered.

Petition for rehearing denied.