LAURA BETTS, Administratrix, v. WILSON JONES et al.

(Filed 18 September, 1935.)

1. **Appeal and Error L a: L d—**

A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal.

2. **Public Officers C d—Evidence that public officers acted maliciously in performing official act held sufficient to be submitted to jury.**

While a public officer may not be held personally liable to a third person for an injury resulting from the performance of an official act in the absence of malice or corruption, in this action against the members of a school committee in their individual capacity to recover for the death of plaintiff's intestate caused by an accident resulting from the negligence of a driver of a school bus selected by the committee, evidence that the driver was a nephew of one of the members of the committee, and that he was selected by the committee over the protest of the patrons of the school, and that the driver had the general reputation of being an incompetent and reckless driver, *is held* sufficient to warrant an inference of malice, and the submission of the issue to the jury, malice in law being presumed from a tortious act, deliberately done without just cause, excuse, or justification, which is reasonably calculated to injure another or others.

APPEAL by plaintiff from *Clement, J.,* at September Term, 1934, of ANSON.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the neglect, default, or wrongful act of the defendants.

Plaintiff's intestate was a school girl, riding in a school bus on the morning of 10 March, 1932, when it overturned and fatally injured her. Wilson Jones was the driver of the bus at the time. The other defendants are members of the Peachland School Committee, who selected the driver of the bus.

It is in evidence that Wilson Jones is the son of the defendant Shepherd Jones, and lives with his father; that he is a reckless and incompe-

tent driver; that he has the general reputation of being a "rough, reck-less driver, dissipated, wild and rattling boy, rough and drinking"; that he was elected over the protest of patrons of the school; that he had the habit of frightening the children by "driving as fast as he could, going from one side of the road to the other, rocking them together on the truck, this way, backwards and forward; making a dodge, throwing them together so they would quit singing and be quiet"; that on the day in question the bus was heavily loaded with forty or forty-five pupils—"a bitter cold morning and the ground frozen hard"; that it was being operated at a rate of speed in excess of that allowed by C. S., 2618; that it failed to take the curve between the two bridges in the swamp on the Mineral Springs Road, ran into the canal, turned over, and, as a result, plaintiff's intestate was fatally injured.

At the close of plaintiff's evidence, the defendants jointly and sever-ally moved to dismiss, or for judgment of nonsuit under the Hinsdale Act, C. S., 567, which was allowed. Plaintiff appeals, assigning errors.

*Carswell & Ervin, Taliaferro & Clarkson, and F. E. Thomas for plaintiff.*

*B. M. Covington for defendants.*

STACY, C. J. This is the same case that was before us, upon de-murrers, at the Fall Term, 1932, opinion filed 30 November, 1932, reported in 203 N. C., 590, 166 S. E., 589.

The "law of the case" is established by the decision on the first appeal. *Power Co. v. Yount, ante,* 182. "A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent pro-ceedings in the trial court and on a subsequent appeal." *Harrington v. Rawls,* 136 N. C., 65, 48 S. E., 571. Compare *Thompson v. Funeral Home, ante,* 178.

We then said that "if the committeemen were not actuated by malice or corruption, there can be no recovery," and it is not now for us to say whether the evidence engenders such a conviction. It appears sufficient to warrant the inference, hence the case is one for the jury. *James v. Coach Co.,* 207 N. C., 742, 178 S. E., 607.

Malice in law, as distinguished from malice in fact, is presumed from tortious acts, deliberately done without just cause, excuse, or justifica-tion, which are reasonably calculated to injure another or others. 18 R. C. L., 4; 38 C. J., 348.

Speaking to the subject in *Brown v. Brown,* 124 N. C., 19, 32 S. E., 320, *Montgomery, J.,* delivering the opinion of the Court, quoted with approval the following: "The term 'malice,' as applied to torts, does not necessarily mean that which must proceed from a spiteful, malignant, or

revengeful disposition, but a conduct injurious to another, though proceeding from an ill-regulated mind not sufficiently cautious before it occasions an injury to another. 11 Serg. & R., 39, 40. If the conduct of the defendant was unjustifiable and actually caused the injury complained of by the plaintiff, which was a question for the jury, malice in law would be implied from such conduct, and the court should have so charged."

Corruption is more nearly akin to malignancy, hatred, ill-will, or spite, and flows from improper motives. *Downing v. Stone,* 152 N. C., 525, 68 S. E., 9.

The committeemen knew, as Crowder is quoted as having said: "Wilson ain't fitten for a truck driver." They also persisted in selecting him over the protest of patrons of the school, who openly charged him with recklessness and incompetency. They knew, too, that they were practicing nepotism, which goes to the *bona fides* of their action. *Brown v. Brown, supra.* Let a jury of the vicinage say how it is. 10 R. C. L., 938, *et seq.*

Reversed.