IN THE SUPREME COURT OF NORTH CAROLINA

No. 81PA15

Filed 18 December 2015

STEPHANIE L. NEEDHAM, Individually and as Guardian ad Litem for John Doe, Jane Doe, and June Doe, minor children

v.

ROY ALAN PRICE

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 768 S.E.2d 160 (2015), affirming in part and reversing in part an order entered on 3 February 2014 by Judge J. Thomas Davis in Superior Court, Buncombe County. Heard in the Supreme Court on 5 October 2015.

*Paul Louis Bidwell and Douglas A. Ruley for plaintiff-appellee.*

*Allegra Collins and Jack W. Stewart for defendant-appellant.*

BEASLEY, Justice.

We consider whether the Court of Appeals erred by reversing in part the trial court's order granting summary judgment in favor of defendant. We reverse that decision by the Court of Appeals.

Plaintiff Stephanie L. Needham (Plaintiff Needham) and defendant had been involved in a long-term domestic relationship but they separated before 20 November 2009 when the events described below occurred. The couple had three children

during the course of the relationship, all of whom were minors at the time of the incident that led to the present action.

On 26 September 2012, plaintiff filed a complaint alleging individual claims against defendant as well as claims asserted in her capacity as guardian ad litem on behalf of the three unemancipated minors. On the children's behalf, plaintiff brought claims seeking compensatory damages based on negligence, premises liability, negligent infliction of emotional distress, intentional infliction of emotional distress, and gross negligence, plus punitive damages. Plaintiff alleges in the complaint that around 1:25 a.m. on 20 November 2009, when she and the unemancipated minors still occupied defendant's home, defendant surreptitiously entered the home through the garage and attic. As defendant attempted to penetrate into the interior of the home via the attic stairs, he caused the attic ladder to unfold into the hallway below, striking plaintiff Needham on the back of her head, neck, and, shoulders. Plaintiff Needham sustained serious and permanent injuries. The unemancipated minors awoke because of the noise, observed plaintiff being struck by the ladder, and "recoiled in terror screaming . . . and watched in shock as [defendant] descended the ladder shouting obscenities at their fallen mother[.]" Plaintiff Needham alleged that the children suffered emotional distress and psychological injuries, including post-traumatic stress disorder.

Defendant filed an answer and counterclaims followed by a motion for summary judgment in his favor on all claims asserted in the action. In his summary

judgment motion, defendant argued, *inter alia,* that no issue of material fact existed regarding the unemancipated minors' claims because plaintiff's claims on their behalf are barred under the parent-child immunity doctrine. After hearing the motion, the trial court entered an order on 3 February 2014 granting summary judgment in defendant's favor and dismissing all the children's claims.[1] Plaintiff appealed.

Using a de novo standard of review, the Court of Appeals agreed with plaintiff's argument that the parent-child immunity doctrine neither bars the unemancipated minors' claims based on gross negligence and intentional infliction of emotional distress, nor does it defeat their claim for punitive damages.[2] *Needham v. Price,* ___ N.C. App. ___, ___, 768 S.E.2d 160, 164 (2015). Relying on this Court's decision in *Holt*, the Court of Appeals explained that "[t]he parent-child immunity doctrine 'bar[s] actions between unemancipated children and their parents based on *ordinary* negligence.'" *Id.* at ___, 768 S.E.2d at 164 (second alteration in original) (quoting *Doe v. Holt*, 332 N.C. 90, 95, 418 S.E.2d 511, 514 (1992)). The Court of Appeals recognized the exception to the parent-child immunity doctrine found in *Holt* that any injuries

---

[1] The trial court also denied a separate motion by defendant for summary judgment in his favor on plaintiff's individual claims. That ruling was not challenged before the Court of Appeals and thus, that determination is not before this Court.

[2] Plaintiff conceded that the doctrine of parent-child immunity bars the unemancipated minors' claims for ordinary negligence. The Court of Appeals concluded that the trial court's decision to dismiss the unemancipated minors' claims of negligence, premises liability, and negligent infliction of emotional distress was not at issue and affirmed the trial court's entry of summary judgment and dismissal on those claims. Thus, the Court of Appeals limited its consideration to the children's claims for gross negligence, intentional infliction of emotional distress, and punitive damages.

sustained by unemancipated minors arising from a parent's willful and malicious acts may be actionable. *Id.* at ___, 768 S.E.2d at 164 (citing *Holt*, 332 N.C. at 96, 418 S.E.2d at 514)). The Court of Appeals also concluded that the terms "willful and wanton conduct" and "gross negligence" are used interchangeably in describing conduct falling between ordinary negligence and intentional conduct. *Id.* at ___, 768 S.E.2d at 164 (quoting *Yancy v. Lea,* 354 N.C. 48, 52, 550 S.E.2d 155, 157 (2001)). The Court of Appeals ultimately concluded that because gross negligence and intentional infliction of emotional distress require conduct that goes beyond ordinary negligence, an unemancipated minor could pursue those claims against a parent. *Id.* at ___, 768 S.E.2d at 164 (citations omitted). In analyzing the forecast of evidence regarding the unemancipated minors' intentional infliction of emotional distress and gross negligence claims, the Court of Appeals held that the trial court erred by dismissing those claims as well as the related punitive damages claim. *Id.* at ___, 768 S.E.2d at 165-66 (citations omitted). This Court allowed defendant's petition for discretionary review.

In *Holt,* this Court examined whether unemancipated minors could pursue an action against their father in tort arising from repeated incidents of rape and sexual molestation over nine years. *Holt*, 332 N.C. at 91-92, 418 S.E.2d at 512. This Court recognized that the purpose of the parent-child immunity doctrine is "maintenance of family harmony" so that "suits by children against their parents for negligent injury" do not "destroy parental authority and undermine the security of the home." *Id.* at

95, 418 S.E.2d at 514 (quoting *Small v. Morrison,* 185 N.C. 577, 584, 118 S.E. 12, 15 (1923)). Therefore, this Court concluded that except where statutorily abrogated, *id.* at 93, 418 S.E.2d at 512-13, the parent-child immunity doctrine "bar[s] actions between unemancipated children and their parents based on *ordinary* negligence," *id.* at 95, 418 S.E.2d at 514. This Court also concluded that "the parent-child immunity doctrine in North Carolina has never applied to, and may not be applied to, actions by unemancipated minors to recover for injuries resulting from their parent's willful and malicious acts." *Id.* at 96, 418 S.E.2d at 514.

In *Holt* this Court took great care to emphasize the importance of allowing unemancipated minors to seek damages for injuries suffered as a result of a parent's willful and malicious conduct through repeated use of that phrase. *Id.* at 94-97, 418 S.E.2d at 513-15. An act is willful "when it is done purposely and deliberately in violation of law" or "when it is done knowingly" and for a particular purpose. *Id.* at 96, 418 S.E.2d at 514 (quoting *Foster v. Hyman,* 197 N.C. 189, 191, 148 S.E. 36, 37 (1929)). An act is malicious when committed deliberately. . . "without just cause, excuse[,] or justification, and is "reasonably calculated to injure another." *Id.* at 96, 418 S.E.2d at 514 (quoting *Betts v. Jones,* 208 N.C. 410, 411, 181 S.E. 334, 335 (1935)). Therefore, the term "willful and malicious acts" refers to intentional acts. *See Holt, Id.* at 96, 418 S.E.2d at 514.

The Court of Appeals concluded that the terms "willful and wanton conduct" and "gross negligence" apply to conduct that falls "between ordinary negligence and

intentional conduct." *Needham,* ___ N.C. App. at ___, 768 S.E.2d at 164 (quoting *Yancey v. Lea*, 354 N.C. at 52, 550 S.E.2d at 157). However, based upon this Court's holding in *Holt*, the standard for determining whether an unemancipated child's claim can survive summary judgment in an action for damages against a parent is whether the parent's actions are "willful and malicious." Anything short of willful and malicious conduct does not support a valid claim against a parent. We therefore hold that there must be willful and malicious conduct for an unemancipated child's claims to survive summary judgment in an action for damages against a parent.

Notably, the unemancipated minors here were bystanders to plaintiff Needham's injuries while the children in *Holt* were direct victims of repeated sexual abuse by their father over the course of many years. There was no evidence forecast to show that defendant's conduct was directed towards the unemancipated minors. There was also no evidence forecast to show that defendant's conduct rose to the level of malicious conduct "reasonably calculated to injure another." *See Holt,* 332 N.C. at 96, 418 S.E.2d at 514. We hold that defendant's conduct did not rise to the level of willful and malicious conduct against the unemancipated minors.

We therefore hold that the trial court's entry of summary judgment in favor of defendant on the children's claims for intentional infliction of emotional distress and gross negligence, as well as their related punitive damages claim, was correct, and that the Court of Appeals erred in reversing that portion of the trial court's order. Accordingly, we reverse the decision of the Court of Appeals on the issue before this

Court and remand this case to that court for further remand to the trial court for further proceedings not inconsistent with this opinion. The remaining issues addressed by the Court of Appeals were not before this Court and that court's decision as to these issues remains undisturbed.

REVERSED IN PART AND REMANDED.