Battle, J.
 

 The only question presented in this case is, whether the letter from the defendant to the plaintiff, upon which the action is brought, is a libel. The part of it which is particularly relied upon to show that it is so, is the following paragraph. “You have been trying to defraud me a long time, and has done it all you had power to do for the last ten or twelve years.”
 

 A libel, as applicable to individuals, has been well defined to be a malicious publication, expressed either in printing or writing, or by signs, or pictures, tending either to blacken the memory of one dead, or the reputation of one alive, and expose him to public hatred, contempt or ridicule. See 2 Kent’s Com. 16, and the cases there referred to. The distinction between written and verbal slander is so well known, that it is unnecessary to refer to it more particularly than to say, that any written slander, though merely tending to render the party liable to disgrace, ridicule or cóntempt, is actionable, though it do not impute any definite infamous crime punishable in the temporal courts. Hence, to publish, in writing, that a person is a
 
 swmdler,
 
 or a hypocrite, or an
 
 itchy old toad,
 
 has been held to be libellous. So it is a libel to impute to a man a gross want of feeling, as that although he was aware of the death of a lady occasioned by his improperly driving a carriage, he had attended a public ball in the evening of the same day. See cases referred to in 3rd Chitty’s Black. 123, note 9. The case of
 
 Hoare
 
 v.
 
 Silverlock,
 
 decided in the year 1848, and to be found in 64th vol. of Eng. C. L. Rep. 624, is an instructive one ; it was there held that, in an action for writing and publishing of the plaintiff, that her warmest friends in giving up their adovcacy of her claims stated that they had realized the fable of
 
 the frozen snake,
 
 if “ not guilty,” be pleaded, and a verdict of guilty found, the plaintiff is entitled to judgment, since the jury may have understood that the
 
 words, frozen snake,
 
 were meant to charge the plain
 
 *8
 
 tiff with ingratitude to friends. And it was held further, that it is no objection, on a motion in arrest of judgment, that the words were not explained by inuenclo, for the Court will notice that the words are commonly enough understood in this sense, to warrant a jury in so applying them. In the same case it was also decided, that it is a libel to publish of a woman, soliciting a relief of a charitable society, that she prefers unworthy claims, which it is hoped the members will reject forever, and that she has squandered away money already obtained by her from the benevolent, in printing circulars abusive of the secretary of the society. On the motion to arrest the judgment after a verdict for the plaintiff, and against which she showed cause in person, Lord Denmaií, C. J., said, “ There is no ground for our interference. The third count is certainly good. Ve are not called upon here to take judicial notice that the term
 
 frozen snaJce
 
 had, or had not the meaning ascribed to it by the plaintiff, but to say, after verdict, whether or not, a jury were certainly -wrong in assuming that those words had the particular meaning. They are words well understood; there is no doubt that they are commonly known in a libellous sense; it must here have been left to the jury to say whether they were used in that sense or not, and we must take it that they considered them as so applied.” The learned Judge, after distinguishing the case under consideration, from those which had been cited by the counsel, in argument, proceeded to say that “ the fourth count-is certainly injurious to the plaintiff, for it describes her as an applicant to the society for charity, but unfit to receive it, because she employs the money she obtains from the benevolent in circulating abuse of the secretary.”
 

 In the case now before us, the words “ you have been trying to defraud me a long time, and has done it all you had power to do for the last ten or twelve years,” are either
 
 joerse
 
 or by aid of the context, calculated to damage the character of the plaintiff. The charge imputes to him an endeavor, through a long term of years, to defraud the defendant. The intimation of the Court that the action could not be sustained,
 
 *9
 
 upon which the plaintiff submitted to a judgment of nonsuit, prevented the jury from declaring, by their verdict, the sense in which the words were to be understood. If, then, of themselves, or when taken in connection with other parts of the letter, the words might be understood in a sense inj urious to the plaintiff, his Honor erred in not permitting the jury to pass upon them. Though the manner in which the plaintiff had attempted to defraud the defendant is not specified in the letter, and though the precise meaning, Avhich the defendant intended to convey by the term to “ defraud,” is not very clear, yet it is certain that he intended to impute to the plaintiff some moral delinquency — some vice which rendered him an unfit associate. This we think is sufficient to bring it within the definition given above of a libel. The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee Oueiam, Judgment reversed.