LAURA BETTS, ADMINISTRATRIX OF EDDIE PEARL BETTS, v. WILSON JONES, SHEPHERD JONES, LUTHER BROOM, AND RICHARD CROWDER.

(Filed 30 November, 1932.)

**Public Officers C d—Public officer may be personally liable to third person for official act done maliciously and corruptly.**

A public officer is not ordinarily personally liable for the exercise of his official discretion or his judgment in matters within the scope of his authority, but he may be personally liable if he acts in such matters corruptly or maliciously, and where in an action against the individual members of a school committee the complaint alleges that the defendants in the selection of a driver of a school bus acted wilfully, wrongfully, maliciously and corruptly, and seeks to recover damages caused by the negligence of the driver so selected in an action against the members of the board in their individual capacity, a demurrer to the complaint is properly overruled, the allegations being taken as true upon the demurrer.

APPEAL by defendants from *Oglesby, J.,* at September Term, 1932, of ANSON.

This is an action against the individual defendants to recover damages for personal injury resulting in the death of the plaintiff's intestate. Shepherd Jones, Luther Brown, and Richard Crowder are the school committeemen of Peachland high school, to and from which pupils are carried in a motor school bus. The committeemen elected Wilson Jones, a son of Shepherd Jones, as the driver of the bus over the protest of many of the patrons of the school who regarded him as reckless and unfit for the position. It is alleged "that on or about 10 March, 1932, at 8:00 a.m. while the said Wilson Jones was driving said school bus, transporting children forty in number on said bus on the way to Peachland high school on a sand-clay road known as Mineral Springs, about 3 miles from Peachland, and while operating said bus at a high and reckless rate of speed, to wit, about fifty miles per hour or more, he lost control of said bus, causing it to plunge from the road into a wide ditch full of water in Brown Creek swamps, turning the bus over in said ditch in water six feet deep, partially submerging the bus in the water and throwing Eddie Pearl Betts into water, injuring her painfully and to such extent that she died in a few hours after she was rescued from the water."

Among the several alleged acts of negligence is this: that the conduct of the committeemen in the selection of Wilson Jones as driver of the bus was wilful, wrongful, malicious, and corrupt.

All the defendants demurred—the school committee on the ground that in employing a driver for the bus they exercised a governmental function and performed a public duty as an agency of the State for which they are not liable in damages; and the defendant Wilson Jones, on the ground that in driving the bus he was acting for the committee and was likewise in the exercise of a governmental function for which he cannot be held liable.

The trial court overruled the demurrer and the defendants appealed.

*Carswell & Ervin and F. O. Clarkson for plaintiff.*
*McLendon & Covington for defendants.*

ADAMS, J. The plaintiff alleges that the school committeemen, disregarding known facts and the repeated protests of many patrons of Peachland high school, in employing Wilson Jones "secured a driver known to them to be unfit, unsafe, nondependable, and reckless," and that they acted wilfully, wrongfully, maliciously, and corruptly. By demurring the defendants admit these allegations. *Andrews v. R. R.,* 200 N. C., 483; *Yarborough v. Park Commission,* 196 N. C., 284; *Sandlin v. Wilmington,* 185 N. C., 257.

The law as generally administered recognizes a distinction between public duties which are ministerial in character and those which require the exercise of judgment or discretion. This Court has held that as a rule a private action for tort cannot be maintained against an agency of the State, but for the negligent breach of a public duty which is administrative and imposed entirely for the public benefit an officer may be held individually liable to a person who has been injured by his negligence if the statute creating the office or imposing the duty makes provision for such liability. It has also been held that where the powers conferred upon a public officer involve the exercise of judgment or discretion he is not liable to a private person for neglect to exercise such powers or for the consequences of the lawful exercise of them if he acts within the scope of his authority and without malice or corruption. *Hipp v. Farrell,* 169 N. C., 551; *S. c.,* 173 N. C., 167; *Carpenter v. R. R.,* 184 N. C., 400. If, however, his act is corrupt or malicious he may be liable in his personal capacity for the injury inflicted by him. *Spruill v. Davenport,* 178 N. C., 364.

We may assume that a school committee in the discharge of the duties imposed by law generally acts as an agency of the State; but this action is not prosecuted against the committee in its representative capacity as such agency, and in this respect it differs materially from *Benton v. Board of Education,* 201 N. C., 653, *Cathey v. Charlotte,* 197 N. C.,

309, *Scales v. Winston-Salem,* 189 N. C., 469, and similar cases. In *Hyder v. Henderson County,* 190 N. C., 663 and in *Lassiter v. Adams,* 196 N. C., 711, the Court was careful to observe that there was no allegation that the defendants had acted corruptly or maliciously. Here the committeemen are sued in their personal capacity; and while it is true that if a person is doing a lawful thing in a lawful way his conduct is not actionable though it may result in damage to another, still, as said in *Spruill v. Davenport, supra,* when a person goes outside of his line of duty and acts corruptly or with malice he becomes personally liable for consequent damages. This is the question which the complaint and the demurrer present. Did the defendants act maliciously or corruptly, as alleged? We do not understand the inquiry to be merely whether disregard of the patrons' protests was a corrupt or malicious act, because the language of the complaint is susceptible of a broader construction. What the proof, if any, may be we have no means of knowing. If the committeemen were not actuated by malice or corruption there can be no recovery; but we are now dealing with the allegations of the complaint and the admissions of the demurrer. When an answer is filed issues will be raised for determination by a jury. It will be noted that the demurrer of Wilson Jones is substantially the same as that of his codefendants. Judgment

Affirmed.