CLARENCE H. DAVIS, BY HIS NEXT FRIEND, B. O. DAVIS, v. ASKIN'S RETAIL STORES, INCORPORATED, AND GEORGE LEFLER.

(Filed 28 April, 1937.)

1. **Libel and Slander § 2—Libelous words are actionable per se if they subject person to disgrace, ridicule, odium, or contempt.**

   The rule determining whether words used in a libel are actionable *per se* is different from the rule applicable to actions for slander, and libelous words are actionable *per se* when they subject a person to dis-

grace, ridicule, *odium,* or contempt in the estimation of friends and acquaintances or the public, and it is not necessary that they impute a crime.

**2. Same—Letter declared on in this case held libelous per se.**

A letter imputing that plaintiff had wrongfully removed merchandise not belonging to him from the State in violation of a criminal statute, and stating that if payment were not immediately made defendants would assume that the violation of the statute was intentional and would turn the matter over to the authorities for action prescribed by law, *is held* libelous and actionable without averment of special damages.

**3. Libel and Slander § 4—Complaint held to allege defendants' responsibility for publication of libelous letter.**

The complaint alleged that defendants mailed to plaintiff, then seventeen years of age, a letter containing language which, on account of plaintiff's inexperience and youth, would cause him to believe he was threatened with criminal prosecution, that plaintiff showed the letter to others and that defendants knew that plaintiff, by reason of his youth, and fear which the letter would engender, would show the letter to others for advice as a natural and probable result of defendants' wrong. *Held:* The complaint sufficiently alleges that defendants were responsible for the publication of the libelous matter complained of.

APPEAL by defendants from *Cowper, Special Judge,* at November Term, 1936, of MECKLENBURG. Affirmed.

Civil action for libel. The complaint alleges that the plaintiff, then 17 years of age, received through the mail from the defendants the following false and libelous communication: "Collection Department, Askin's—Clothing for the Family. Dear Customer: We have just learned through our special investigator that you have left the city and State with merchandise which was leased to you under a signed contract. By removing property which does not belong to you, you have violated the laws of this city and State, and by so doing you have made yourself liable to prosecution. This law was passed for the protection of merchants against people who willfully convert to their own use merchandise sold to them under lease. We do not know whether you intended to evade this obligation by leaving the city, or not, but we will have to arrive at that conclusion unless you settle the account at once. Naturally we would prefer to have you settle this account without any trouble, but unless we hear from you within three days, we will assume that it is not your intention to pay, and we will then have to turn the whole matter over to the proper authorities, for whatever action is prescribed by the law. Very truly yours, Askin's. Geo. Lefler, Mgr."

It was further alleged that the plaintiff, an inexperienced youth, believing he was threatened with prosecution for a criminal offense, naturally consulted others and exhibited the communication to them,

and that the defendants knew that the plaintiff, by reason of his youth and under the emotion of fear, would divulge the contents of the letter to others as a natural and probable result of defendants' wrongful act.

The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, for that the writing quoted was not libelous *per se,* and no special damages were alleged; and also that it appeared in the complaint that the alleged libel was published by the plaintiff himself and not by defendants.

The demurrer was overruled, and defendants excepted and appealed.

*Carswell & Ervin for plaintiff, appellee.*
*Fred B. Helms for defendants, appellants.*

DEVIN, J. The sufficiency of the complaint is challenged by the demurrer on two grounds: (1) That the writing complained of is not libelous *per se* and contains no averment of special damage, and (2) that the complaint shows there was no publication of the alleged libel by the defendants.

1. The distinction between oral and written defamation is well recognized. To determine whether the particular words used are actionable *per se,* it is necessary to apply a different rule in case of libel from that applicable to slander.

In *Simmons v. Morse,* 51 N. C., 7, it was said: "A libel, as applicable to individuals, has been well defined to be a malicious publication, expressed either in printing or writing, or by signs, or pictures, tending either to blacken the memory of one dead or the reputation of one alive, and expose him to public hatred, contempt, or ridicule. . . . Any written slander, though merely tending to render the party liable to disgrace, ridicule, or contempt, is actionable, though it do not impute any definite infamous crime." 36 C. J., 1152; *Brown v. Lumber Co.,* 167 N. C., 9; *Hall v. Hall,* 179 N. C., 571; *Alexander v. Vann,* 180 N. C., 187; *Hedgepeth v. Coleman,* 183 N. C., 309; *Pentuff v. Park,* 194 N. C., 146.

In *Paul v. Auction Co.,* 181 N. C., 1, *Hoke, J.,* uses this language: "It is fully recognized that in order to constitute a libel it is not necessary that the publication should impute the commission of crime, infamous or otherwise, but the charge is established when a false publication is made, holding one up to public hatred, obloquy, contempt, or ridicule."

In *Pentuff v. Park, supra, Clarkson, J.,* quotes with approval from Newell on Slander and Libel, as follows: "Everything printed or written which reflects on the character of another, and is published

without lawful justification or excuse, is a libel, whatever the intention may have been. . . . The words need not necessarily impute disgraceful conduct to the plaintiff; it is sufficient if they render him contemptible or ridiculous."

"Defamatory words, when spoken, are ordinarily not actionable *per se* unless they impute a crime; but written or printed words are actionable when they subject a person to disgrace, ridicule, odium, or contempt in the estimation of friends and acquaintances, or the public." 17 R. C. L., 263; *Foster-Milburn v. Chinn,* 134 Ky., 424.

The written words complained of charged the plaintiff in part as follows: "By removing property which does not belong to you, you have violated the laws of this city and State, and by so doing you have made yourself liable to prosecution. This law was passed for the protection of merchants against people who willfully convert to their own use merchandise sold to them under lease. . . . Unless we hear from you within 3 days we will have to turn the whole matter over to the proper authorities for whatever action is prescribed by the law."

In accord with the pertinent principles of the law of libel as set forth in the adjudicated cases and stated by text-writers, this written language must be held libelous and actionable without averment of special damages.

2. Does the complaint sufficiently allege that the defendants were responsible for the publication of the libelous matter complained of? Under the rule stated by *Adams, J.,* speaking for the Court in *Hedgepeth v. Coleman,* 183 N. C., 309, this question must be answered in the affirmative. In the *Hedgepeth case, supra,* the facts were similar to those in the case at bar. It was there said: "In the letter referred to there is a threat of prosecution. When it was received, the plaintiff was between fourteen and fifteen years of age, and his youth was known to the defendant. With the knowledge of the plaintiff's immaturity, of the character of the accusation and menace contained in the letter, of the probable emotion of fear, and the impelling desire for advice on the part of the plaintiff, the defendant must have foreseen the plaintiff's necessary exposure of the letter as the natural and probable result of the libel."

The facts alleged in the complaint are sufficient to constitute a cause of action, and the demurrer was properly overruled.

Affirmed.