HILDA CALAHAN GILLISPIE v. GOODYEAR SERVICE STORES, A DIVISION OF THE GOODYEAR TIRE & RUBBER COMPANY, AND THE GOODYEAR TIRE & RUBBER COMPANY, A CORPORATION, AND O. J. HARTSELL, ROBERT E. HARDEN, MELVIN WRENN, AND ARTHUR JONES.

(Filed 11 January 1963.)

**1. Assault and Battery § 3; Trespass § 5—**

An action for an assault and for a trespass arising out of a single transaction together with all parties sought to be held liable therefor may be joined in a single action.

**2. Pleadings § 2—**

While a complaint should state in a plain and concise manner only the ultimate and issuable facts determinative of plaintiff's right to relief, the complaint must state the ultimate facts with sufficient particularity to disclose the basis and nature of the cause of action, and allegations merely to the effect that defendants committed a trespass and assaulted plaintiff state conclusions of law and not the predicate facts upon which such causes of action may be maintained, and are therefore insufficient to withstand demurrer. G.S. 1-122.

**3. Pleadings § 12—**

A demurrer does not admit the pleader's conclusion of law.

APPEAL by plaintiff from *Mintz, J.,* July 16, 1962 Civil Term of ALAMANCE.

The hearing below was on demurrers to the complaint.

Plaintiff alleges she and each of the four individual defendants are citizens and residents of Alamance County, North Carolina; that defendant Goodyear Tire & Rubber Company is a corporation doing business in North Carolina and having a place of business and store in Burlington, North Carolina; and that Goodyear Service Stores is a division of defendant Goodyear Tire & Rubber Company.

The remaining allegations of the complaint and the prayer for relief are as follows:

"4. On or about May 5, 1959, and May 6, 1959, the defendants, without cause or just excuse and maliciously came upon and trespassed upon the premises occupied by the plaintiff as a residence, and by the use of harsh and threatening language and physical force directed against the plaintiff assaulted the plaintiff and placed her in great fear, and humiliated and embarrassed her by subjecting her to public scorn and ridicule, and caused her to be seized and exhibited to the public as a prisoner, and to be confined in a public jail, all to her great humiliation, embarrassment and harm.

"5. By reason of the defendants' malicious and intentional assault against and humiliation of the plaintiff, the plaintiff was and has been damaged and injured in the amount of $25,000.00

"6. The acts of the defendants as aforesaid were deliberate, malicious, and with the deliberate intention of harming the plaintiff, and the plaintiff is entitled to recover her actual damages as well as punitive damages from the defendants and each of them.

"THEREFORE, the plaintiff prays that she have and recover of the defendants the sum of $25,000.00 as damages and $10,000.00 in addition thereto as punitive damages, and that she have such other and further relief as may be just and proper."

Separate demurrers were filed by: (1) defendants Goodyear Tire & Rubber Company, Goodyear Service Stores, a division of Goodyear Tire & Rubber Company, and O. J. Hartsell; (2) defendant Robert E. Harden; (3) defendant Melvin Wrenn; (4) defendant Arthur Jones. Although different in phraseology, each demurrer specifies two grounds of objection to the complaint, namely, (1) that the complaint does not state facts sufficient to constitute a cause of action, and (2) that there is a misjoinder of parties and causes of action.

The court entered a separate judgment with reference to each of said four demurrers. In each judgment, after a recital of the said grounds on which the demurrer was based and a recital that the court was of the opinion "that said demurrer should be sustained," it was "ORDERED, ADJUDGED and DECREED that said demurrer be and the same is hereby sustained and the court, in its discretion, grants unto said plaintiff thirty (30) days within which to file amended complaint."

Plaintiff excepted to each of said four judgments and appealed.

*Robert S. Cahoon for plaintiff appellant.*

*McLendon, Brim, Holderness & Brooks for defendant appellees Goodyear Service Stores, Goodyear Tire & Rubber Company and O. J. Hartsell.*

*Allen & Allen for defendant appellees Robert E. Harden and Melvin Wrenn.*

*Spencer B. Ennis, Long, Ridge, Harris & Walker and Herbert F. Pierce for defendant appellee Arthur Jones.*

BOBBITT, J. Where there is a misjoinder of parties and causes of action, a judgment sustaining a demurrer to the complaint *on that ground* necessitates a dismissal of the action. *Tart v. Byrne,* 243 N.C. 409, 90 S.E. 2d 692; *Snotherly v. Jenrette,* 232 N.C. 605, 61 S.E. 2d 708, and cases cited.

The judgments now under consideration do not specify the ground on which the demurrers were sustained. However, the fact the court did not dismiss the action but granted plaintiff leave to file an amended complaint indicates the court sustained the demurrers on the ground the complaint did not state facts sufficient to constitute a cause of action. Be that as it may the allegations of the complaint do not disclose a misjoinder of parties and causes of action. If it be assumed that plaintiff has alleged more than one cause of action, all defendants, under plaintiff's allegations, are parties to all such causes of action.

Does the complaint state *facts* sufficient to constitute *any* cause of action?

A complaint must contain "(a) plain and concise statement of the facts constituting a cause of action . . ." G.S. 1-122. "The cardinal requirement of this statute . . . is that the facts constituting a cause of action, rather than the conclusions of the pleader, must be set out in the complaint, so as to disclose the issuable facts determinative of the plaintiff's right to relief." *Shives v. Sample,* 238 N.C. 724, 79 S.E. 2d 193. The cause of action consists of the facts alleged. *Lassiter v. R.R.,* 136 N.C. 89, 48 S.E. 642; *Skipper v. Cheatham,* 249 N.C. 706, 709, 107 S.E. 2d 625; *Wyatt v. Equipment Co.,* 253 N.C. 355, 361, 117 S.E. 2d 21. The statutory requirement is that a complaint must allege the material, essential and ultimate facts upon which plaintiff's right of action is based. *Chason v. Marley,* 223 N.C. 738, 28 S.E. 2d 223, and cases cited. "The law is presumed to be known, but the facts to which the law is to be applied are not known until properly presented by the pleading and established by evidence." McIntosh, North Carolina Practice and Procedure, § 379.

The facts alleged, but not the pleader's legal conclusions, are deemed admitted when the sufficiency of the complaint is tested by demurrer. *Stamey v. Membership Corp.,* 247 N.C. 640, 645, 101 S.E. 2d 814. "Where the complaint merely alleges conclusions and not facts, it fails to state a cause of action and is demurrable. G.S. 1-127(6)"; *Broadway v. Asheboro,* 250 N.C. 232, 233, 108 S.E. 2d 441. However, it is well settled that a complaint must be fatally defective before it will be rejected as insufficient, and "if any portion of it or to any extent it presents *facts* sufficient to constitute a cause of action the pleading will stand." (Our italics) *Snotherly v. Jenrette, supra,* p. 608; *Buchanan v. Smawley,* 246 N.C. 592, 595, 99 S.E. 2d 787.

When a complaint alleges defendant is indebted to plaintiff in a certain amount and such debt is due, but does not allege in what manner or for what cause defendant became indebted to plaintiff, it is demurrable for failure to state facts sufficient to constitute a cause of action. *Moore v. Hobbs,* 79 N.C. 535; *Griggs v. Griggs,* 213 N.C. 624, 627, 197 S.E. 165.

"The liability for tort grows out of the violation of some legal duty by the defendant, not arising out of contract, and the complaint should state facts sufficient to show such legal duty and its violation, resulting in injury to the plaintiff. What these facts are must depend upon the elements which go to make up the particular tort complained of, under the substantive law." McIntosh, North Carolina Practice and Procedure, § 388, where, with reference to various tort actions, the requirement that the facts be alleged is discussed.

"In an action or defense based upon negligence, it is not sufficient to allege the mere happening of an event of an injurious nature and call it negligence on the part of the party sought to be charged. This is necessarily so because negligence is not a fact in itself, but is the legal result of certain facts. Therefore, the facts which constitute the negligence charged and also the facts which establish such negligence as the proximate cause, or as one of the proximate causes, of the injury must be alleged." *Shives v. Sample, supra; Stamey v. Membership Corp., supra; Skipper v. Cheatham, supra; Wyatt v. Equipment Co., supra; Myrtle Apartments v. Casualty Co.*, 258 N.C. 49, 127 S.E. 2d 759. In each of these cases, the complaint was held demurrable for failure to state facts sufficient to constitute a cause of action.

In *Letterman v. Mica Co.*, 249 N.C. 769, 107 S.E. 2d 753, a demurrer was sustained on the ground the facts alleged were insufficient to support the plaintiff's allegation that the injury they sustained was proximately caused by wrongful conduct of the defendants.

As stated by Barnhill, J. (later C.J.), in *Parker v. White*, 237 N.C. 607, 610, 75 S.E. 2d 615: "The competency of evidence, the form of the issues, and the charge of the court are all controlled in very large measure by the nature of the cause of action alleged by plaintiff. Hence, the trial judge, as well as the defendant, must know the exact right plaintiff seeks to assert or the legal wrong for which he seeks redress before there can be any intelligent trial under the rules of procedure which govern our system of jurisprudence."

Plaintiff alleges, in a single sentence, that defendant, "without cause or just excuse and maliciously," trespassed upon premises occupied by her as a residence, assaulted her and caused her to be seized and confined as a prisoner. The complaint states no facts upon which these legal conclusions may be predicated. Plaintiff's allegations do not disclose *what* occurred, *when* it occurred, *where* it occurred, *who* did *what*, the relationships between defendants and plaintiff or of defendants *inter se*, or any other factual data that might identify the occasion or describe the circumstances of the alleged wrongful conduct of defendants.

A plaintiff must make out his case *secundum allegata. Lucas v. White*, 248 N.C. 38, 42, 102 S.E. 2d 387. There can be no recovery ex-

cept on the case made by his pleadings. *Andrews v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786. Here, there is no factual basis to which the court could apply the law. When considered in the light most favorable to plaintiff, this complaint, in our opinion, falls short of minimum requirements.

In *Stivers v. Baker* (Ky.), 9 S.W. 491, it was held that a petition alleging the defendant unlawfully assaulted the plaintiff, thereby putting him in great fear, but not stating how the assault was made, stated a mere conclusion of law and was demurrable as not stating facts constituting a cause of action as required by the Kentucky statute. The court, in opinion by Holt, J., points out that a statement of the facts constituting a cause of action "is not only necessary to enable the opposite party to form an issue, and to inform him of what his adversary intends to prove, but to enable the court to declare the law upon the facts stated. It cannot do so if a mere legal conclusion is stated. The term 'assault' has a legal meaning; as much so as the word 'trespass.'" In *Shapiro v. Michelson,* 47 S.W. 746, the Court of Civil Appeals of Texas, in opinion by Fisher, C.J., said: "The use of the expression 'assaulted' is not the averment of a fact, but is simply a statement which expresses the conclusion of the pleader."

The judgments sustaining the demurrers are affirmed on the ground the complaint does not state facts sufficient to constitute any cause of action. It would seem appropriate that plaintiff, in accordance with leave granted in the judgments from which she appealed, now file an amended complaint and therein allege the facts upon which she bases her right to recover.

Affirmed.