### ROBERT F. CLEMENT v. FRANCES GENEVA HART KOCH.

(Filed 20 March 1963.)

**1. Libel and Slander § 12—**

Allegations that defendant filed with the clerk of the Superior Court a certain writing and by written application caused said writing to be recorded, *held* sufficient to support the inference that defendant was the author of the writing and caused its publication or republication.

**2. Same—**

Allegation that defendant published libelous matter referring to "Robert F. Clemmons" and that the matter was written about and injured plaintiff, Robert F. Clement, *held* sufficient under the doctrine of *idem sonans*.

**3. Libel and Slander § 2—**

Accusation that plaintiff came into defendant's home and took specified items of personal property constitutes a libel, since if the words do not charge larceny, they tend to subject plaintiff to disgrace, ridicule, odium or contempt.

**4. Libel and Slander § 7—**

Allegation that defendant filed a libelous matter with the clerk of the Superior Court does not render the complaint demurrable on the ground of privilege when it does not appear from the complaint that defendant was acting other than in an individual capacity or that the words were uttered in a judicial proceeding.

APPEAL by plaintiff from *Patton, J.*, October 1962 Civil Term of BUNCOMBE.

Civil action for damages for libel, heard below on demurrer to complaint.

Plaintiff alleged defendant, on or about January 15, 1962, filed in the office of the Clerk of the Superior Court of Buncombe County a certain writing, to wit: "November 25th Robert F. Clemmons and wife, Frances, came into my home while I was at work and took all of my bed coverings, knives, cooking utensils, sheets, pillow cases, the feather bed left to me by my mother, two watches left me by my father and most of the household furnishing in general in the house . . . Brent Phillips and his mother can testify to this fact."

Plaintiff alleged further: Defendant, by written application and express request, caused said writing to be recorded in the office of said clerk in the public records concerning Last Wills and Testaments in Book of Wills No. YY, page 585. The accusatory statements in said writing are false and malicious. These false and malicious statements were written of and concerning plaintiff and constitute a charge against plaintiff "to the effect that he broke into and entered the home of one, Louis Cox, and therein committed the crime of larceny by taking from said home the personal property named therein." Defendant filed and caused said writing to be recorded and publicized with knowledge that the accusations made therein against plaintiff "were untrue and false" and "with the wicked and malicious intent on the part of the said defendant to injure and damage the good name, fame, and character of the plaintiff in this community, and among his neighbors and friends."

The demurrer specifies the following grounds of objection to the complaint:

"1. That the plaintiff's complaint does not state facts sufficient to constitute a cause of action in that it appears from the face of the complaint that the defendant did not utter or publish any libelous or defamatory matter against the plaintiff; and that the words alleged to have been uttered and published by the said defendant, which words are set out at length in paragraph 3 of the plaintiff's Complaint, do not constitute in law a libel, nor are they in any manner defamatory.

"2. That this defendant, in an individual capacity, is not a proper or necessary party defendant, which fact likewise appears from the face of plaintiff's Complaint.

"3. That the plaintiff herein was not referred to in the words alleged to be libelous.

"4. That, as appears upon the face of the Complaint, the matters alleged to have been uttered and published by the defendant occurred in a judicial proceeding and are privileged."

Judgment sustaining the demurrer and dismissing the action was entered. Plaintiff excepted and appealed.

*Don C. Young for plaintiff appellant.*
*Bruce J. Brown for defendant appellee.*

BOBBITT, J.    The only reasonable inference to be drawn from plaintiff's allegations is that Louis Cox was the author of the writing and that plaintiff's cause of action is for the publication or republication thereof. 33 Am. Jur., Libel and Slander § 95; 53 C.J.S., Libel and Slander § 86; Restatement, Torts, Vol. III, § 578; *Johnston v. Lance,* 29 N.C. 448; *Hamilton v. Nance,* 159 N.C. 56, 74 S.E. 627; *Lewis v. Carr,* 178 N.C. 578, 101 S.E. 97.

Notwithstanding the writing refers to "Robert F. Clemmons" rather than "Robert F. Clement," this difference in spelling is insufficient to impair plaintiff's allegation that the accusatory statements were written of and concerning *plaintiff* and that *plaintiff* suffered injury and damage on account of the publication thereof by defendant. The names are so nearly alike as to bring them within the rule of *idem sonans. S. v. Sawyer,* 233 N.C. 76, 78, 62 S.E. 2d 515, and cases cited.

The accusatory statements in said writing, if false, are libelous. If they do not charge the crime of larceny they certainly tend to subject plaintiff to disgrace, ridicule, odium or contempt. *Simmons v. Morse,* 51 N.C. 6; *Hedgepeth v. Coleman,* 183 N.C. 309, 111 S.E. 517; *Davis v. Retail Stores, Inc.,* 211 N.C. 551, 191 S.E. 33; *Kindley v. Privette,* 241 N.C. 140, 84 S.E. 2d 660.

Notwithstanding defendant's assertion to the contrary, it does not appear upon the face of the complaint that defendant "is not a proper or necessary party defendant." She, the sole defendant, is sued "in an individual capacity." It does not appear upon the face of the complaint that defendant is related to the matters alleged therein in any capacity other than as an individual.

Notwithstanding defendant's assertion to the contrary, it does not appear upon the face of the complaint that "the matters alleged to have been uttered and published by the defendant occurred in a judicial proceeding and are privileged." Plaintiff's allegations are silent as to the nature of the writing and as to why and under what circumstances defendant caused it to be recorded.

The conclusion reached is that the grounds of objection to the complaint asserted by defendant are without merit and that the court should have overruled the demurrer. Hence, the judgment sustaining the demurrer and dismissing the action is reversed.

However, it should be stated that, in our view, the complaint does no more than meet minimum requirements. *Gillispie v. Service Stores,* 258 N.C. 487, 128 S.E. 2d 762, and cases cited. It would seem appropriate for defendant to move in the superior court that plaintiff be required to make his complaint more definite and certain to the end that defendant and the court may be advised of the precise nature of the cause of action on which plaintiff seeks to recover. G.S. 1-153.

Reversed.