ROBERT O. GIVENS v. J. O. SELLARS, WILLIAM HOFFLER, JERRY TIMMONS AND SIKES BROTHERS, INC.

(Filed 28 February, 1968.)

**1. Pleadings § 12—**

A pleading will be liberally construed upon demurrer with a view to substantial justice between the parties, and the demurrer admits the truth of factual averments well stated and such inferences of fact as may be deduced therefrom. G.S. 1-127, G.S. 1-151.

**2. Public Officers § 9—**

An employee of a governmental agency is personally liable for negligence in the performance of his duties proximately causing injury to the property of another, even though his employer is clothed with immunity.

**3. Highways § 7—**

A contractor employed by the State Highway Commission is personally liable to the owner of property for damages proximately resulting from the negligence of the contractor in the performance of his work.

**4. Public Officers § 9—**

A public officer who willfully, wantonly and maliciously destroys personal property of another is personally liable for the injury inflicted.

**5. State § 4—**

Injuries intentionally inflicted by an employee of a State agency are not compensable under the Tort Claims Act. G.S. 143-291 *et seq.*

**6. Eminent Domain § 5—**

Where a leasehold estate is taken under the power of eminent domain for highway purposes, the personalty thereon is not affected by the taking, the Highway Commission being without authority to appropriate personal property for a public use. G.S. 136-19.

**7. Public Officers § 9—**

Allegations that plaintiff owned a leasehold estate on which he maintained a billboard adjacent to a highway, that defendant employees of the Highway Commission and defendant employee of a private contractor, in their capacity of supervising the construction of a road, negligently, and willfully and maliciously issued orders for the destruction of the billboard without first ascertaining plaintiff's property rights in the sign, thereby causing plaintiff the loss of profits from rental of the sign, *are held* sufficient to state a cause of action against defendants in their individual capacity.

**8. Pleadings § 15—**

Matters *dehors* the pleading may not be considered in passing upon a demurrer.

**9. Damages § 4—**

Compensatory damages for injury to personal property is the difference between its fair market value immediately before and immediately after the taking.

**10. Pleadings § 2—**

A complaint must be fatally defective before it will be rejected as insufficient.

ON *Certiorari* upon petition of defendants to review the judgments of *Peel, J.,* at the January 1967 Civil Session, Superior Court of CURRITUCK County.

Plaintiff's complaint is as follows, part summarized, part quoted:

1. Plaintiff is a resident of Pasquotank County engaged in the business of outdoor advertising; defendant Sellars is a resident of Hertford County; defendants Hoffler and Timmons are residents of either Currituck or Dare Counties; and defendant Sikes Brothers, Inc. is a North Carolina corporation with its principal office in Wadesboro.

2. Plaintiff is owner of a leasehold estate in Currituck County pursuant to a lease recorded in Deed Book 100, page 365, Currituck County Registry. Plaintiff acquired his leasehold from Mrs. R. F. Singletary and caused it to be recorded before she was divested of title to the subsisting fee by virtue of a judgment in Currituck Superior Court in a condemnation action entitled *"North Carolina State Highway Commission vs. Erma Griggs Singletary and husband, . . ."* Plaintiff's leasehold estate has not been condemned by said Highway Commission, and plaintiff is still the beneficial owner of it.

3. Plaintiff in the conduct of his business maintained on said leasehold a large outdoor advertising sign or billboard adjacent to U. S. Highway No. 158 with a name plate bearing the words "R. O. Givens" affixed to it. The advertising space on said sign was contracted to the owners of the Carolinian Hotel.

4. On or about March 15, 1966, defendant Timmons was Project Foreman for Sikes Brothers, Inc. and was supervising the workman of said corporate defendant then engaged in the construction of roadway approaches to the new Currituck Sound Bridge, Project No. 8.11199 of the N. C. State Highway Commission; defendant Hoffler was Project Engineer in charge of the project for the Highway Commission and was the supervisor of the work of defendants Timmons and Sikes Brothers, Inc.; and J. O. Sellars was Division Right-of-Way Agent for the Highway Commission and the superior of defendant Hoffler.

5. Defendants Sellars and Hoffler each knew or should have known the plaintiff owned said leasehold estate and maintained said sign thereon, and each knew or should have known that an attorney

employed by the Highway Commission was negotiating with plaintiff in an effort to acquire plaintiff's property and leasehold interest.

6. While said negotiations were being conducted, defendant Sellars ordered defendant Hoffler to destroy and demolish plaintiff's sign, or to cause it to be destroyed and demolished.

7. Defendant Sellars issued aforesaid order for destruction of said sign arbitrarily, willfully, wantonly and maliciously and with a reckless intent to damage the property and livelihood of the plaintiff.

8. Defendant Sellars, knowing plaintiff claimed a leasehold interest and the right to maintain a sign thereon, was culpably and grossly negligent in issuing said order for the destruction of said sign and was culpably and grossly negligent in failing to ascertain plaintiff's property rights prior to issuing said order for destruction of said sign.

9. While said negotiations were being conducted, defendant Hoffler, on or about March 15, 1966, ordered defendants Timmons and Sikes Brothers, Inc. to destroy and demolish said sign.

10. Defendant Hoffler, knowing plaintiff had said leasehold estate, arbitrarily, willfully, wantonly and maliciously issued said order for destruction of said sign with a reckless intent to damage the property and livelihood of the plaintiff.

11. Defendant Hoffler knew plaintiff claimed a leasehold interest in said estate and the right to maintain said sign thereon and was culpably and grossly negligent in issuing said order for the destruction of said sign and was culpably and grossly negligent in failing to ascertain plaintiff's property rights prior to issuing said order.

12. On or about March 15, 1966, the defendant Timmons, while acting in the course of his employment as agent, foreman and construction supervisor for Sikes Brothers, Inc., ordered the employees of said corporate defendant to destroy plaintiff's sign.

13. Defendant Timmons, knowing plaintiff had said leasehold estate, arbitrarily, willfully, wantonly and maliciously ordered the destruction of said sign with a reckless intent to damage the property and livelihood of the plaintiff.

14. Defendant Timmons knew plaintiff claimed a leasehold interest in said estate and the right to maintain said sign thereon and was culpably and grossly negligent in issuing said order for the de-

struction of said sign at a time when Timmons knew of the rights of the plaintiff; and defendant Timmons was culpably and grossly negligent in failing to ascertain plaintiff's property rights prior to issuing said order for destruction of plaintiff's sign.

15. On or about March 15, 1966, employees of Sikes Brothers, Inc. totally demolished and destroyed the plaintiff's sign.

16. "That the acts and misconduct of the defendants, and each of them, hereinbefore alleged, concurred directly, foreseeably, and proximately in causing total destruction and demolition of plaintiff's said sign and loss of profits, all to the damage of plaintiff as hereinafter alleged."

17. "That on or about March 15, 1966, said sign had a value to plaintiff of One Thousand Eight Hundred and No/100 ($1,800.00) Dollars, and would earn profits for plaintiff in the sum of Seven Hundred Fifty ($750.00) Dollars over its useful life; that plaintiff is entitled to recover from the defendants, jointly and severally, the total sum of Two Thousand Five Hundred Fifty ($2,550.00) Dollars for said damages to said sign and said loss of profits."

18. "That, by reason of the culpably and grossly negligent acts and the wrongful, unlawful, willful, wanton and malicious conduct of the defendants, and each of them, as hereinbefore alleged, plaintiff has been greatly damaged and has lost profits, for which acts and conduct the defendants, jointly and severally, should be assessed punitive damages for the use and benefit of plaintiff in the sum of Forty Thousand ($40,000.00) Dollars.

"WHEREFORE, the plaintiff demands judgment of the defendants, and each of them, jointly and severally, for compensatory and punitive damages in the total sum of Forty-two Thousand Five Hundred Fifty ($42,550.00) Dollars; for the costs of this action to be taxed against the defendants by the Clerk, and for such other relief as to the Court may seem meet and proper."

Separate, but identical, demurrers were filed by (1) defendants Sellars and Hoffler, and (2) defendants Timmons and Sikes Brothers, Inc., as follows:

"The defendants . . . demur to the plaintiff's Complaint, and for cause of demurrer say:

"That the complaint does not state facts sufficient to constitute a cause of action against defendants . . . in that it appears from the allegations in the complaint that the exclusive remedy of the plaintiff for the alleged taking of his property in-

terest is by appropriate action against the North Carolina State Highway Commission pursuant to the provisions of G.S. 136-111 and related statutes under Article 9 of Chapter 136 of the General Statutes of North Carolina and other statutes pertaining to rights, remedies and procedures in matters involving condemnation and taking of property or compensable interest therein by the said Highway Commission.

"WHEREFORE, the defendants . . . pray that this action be dismissed as to them.

"This the 17th day of August, 1966."

The demurrers were overruled, defendants excepted, and the matter is now before the Court on *certiorari*.

*Aydlett & White, Attorneys for defendant appellants J. O. Sellars and William Hoffler.*

*Philip P. Godwin, Attorney for defendant appellants Jerry Timmons and Sikes Brothers, Inc.*

*Small, Small & Watts, Attorneys for plaintiff appellee Robert O. Givens.*

HUSKINS, J. "The office of a demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of factual averments well stated and such relevant inferences of fact as may be deduced therefrom. Furthermore, pleadings challenged by a demurrer are to be construed liberally with a view to substantial justice between the parties. G.S. 1-127. G.S. 1-151. *McKinley v. Hinnant,* 242 N.C. 245, 87 S.E. 2d 568." *Jacobs v. Highway Commission,* 254 N.C. 200, 118 S.E. 2d 416. "The facts alleged, but not the pleader's legal conclusions, are deemed admitted when the sufficiency of the complaint is tested by demurrer." *Gillispie v. Service Stores,* 258 N.C. 487, 128 S.E. 2d 762. But if the complaint merely alleges conclusions, it is demurrable. *Broadway v. Asheboro,* 250 N.C. 232, 108 S.E. 2d 441. On the other hand, "if in any portion of it or to any extent it presents facts sufficient to constitute a cause of action the pleading will stand. . . ." *Snotherly v. Jenrette,* 232 N.C. 605, 61 S.E. 2d 708. See also *Cannon v. Wilmington,* 242 N.C. 711, 89 S.E. 2d 595.

Plaintiff sues for damages for destruction of an outdoor advertising sign located upon his leasehold estate and seeks to recover on the theory of (1) negligence, and (2) willfully tortious conduct of defendants. It thus becomes necessary to examine pertinent legal principles pertaining to plaintiff's theory of his case.

1.  An employee of a governmental agency such as the North Carolina State Highway Commission is personally liable for his negligence in the performance of his duties proximately causing injury to the property of another even though his employer is clothed with immunity and not liable on the principle of *respondeat superior.* *Lewis v. Hunter,* 212 N.C. 504, 193 S.E. 814; *Miller v. Jones,* 224 N.C. 783, 32 S.E. 2d 594; *Hansley v. Tilton,* 234 N.C. 3, 65 S.E. 2d 300; *Smith v. Hefner,* 235 N.C. 1, 68 S.E. 2d 783.

2.  A contractor employed by the State Highway Commission who is negligent in the performance of his work proximately causing injury to the property of another is personally liable to the owner. *Broadhurst v. Blythe Bros. Co.,* 220 N.C. 464, 17 S.E. 2d 646; *Highway Commission v. Reynolds Co.,* 272 N.C. 618, 159 S.E. 2d 198. Absent negligent or willfully tortious conduct, however, an independent contractor is not liable for injury to another's property caused by the performance of his contract with a governmental instrumentality in accordance with its plans and specifications. *Highway Commission v. Reynolds Co., supra.*

3.  Conversely, one who willfully, wantonly and maliciously destroys the personal property of another is personally liable for the injury inflicted. ". . . [W]hile it is true that if a person is doing a lawful thing in a lawful way his conduct is not actionable though it may result in damage to another, still, . . . when a person goes outside of his line of duty and acts corruptly or with malice he becomes personally liable for consequent damages." *Betts v. Jones,* 203 N.C. 590, 166 S.E. 589. ". . . [I]f he acted wantonly, doing what any man of reasonable intelligence must have known to be contrary to his duty, and purposely prejudicial and injurious to another, the law will imply malice. This form of malice is also sometimes referred to as malice in law, or legal malice." 34 Am. Jur., Malice, § 3, citing *Betts v. Jones,* 208 N.C. 410, 181 S.E. 334.

In *Foster v. Hyman,* 197 N.C. 189, 148 S.E. 36, this Court said:

> "An act is done wilfully when it is done purposely and deliberately in violation of law (*S. v. Whitener,* 93 N.C. 590; *S. v. Lumber Co.,* 153 N.C. 610 [69 S.E. 58]), or when it is done knowingly and of set purpose, or when the mere will has free play, without yielding to reason. *McKinney v. Patterson, supra* [174 N.C. 483, 93 S.E. 967]. 'The true conception of wilful negligence involves a deliberate purpose not to discharge some duty necessary to the safety of· the person or property of another, which duty the person owing it has assumed by contract, or which is imposed on the person by operation of law.' Thomp-

son on Negligence (2 ed.), sec. 20, quoted in *Bailey v. R. R.*, 149 N.C. 169 [62 S.E. 912].

"An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others. *Everett v. Receivers,* 121 N.C. 519 [27 S.E. 991]; *Bailey v. R. R., supra.* A breach of duty may be wanton and wilful while the act is yet negligent; the idea of negligence is eliminated only when the injury or damage is intentional. *Ballew v. R. R.,* 186 N.C. 704, 706 [120 S.E. 334, 335]." (Quoted with approval by Parker, J. (now C.J.) in *Blevins v. France,* 244 N.C. 334, 93 S.E. 2d 549.)

4. Injuries intentionally inflicted by employees of a State agency are not compensable under the North Carolina Tort Claims Act. Intentional acts are legally distinguishable from negligent acts. G.S. 143-291 *et seq.; Jenkins v. Department of Motor Vehicles,* 244 N.C. 560, 94 S.E. 2d 577; *Davis v. Highway Commission,* 271 N.C. 405, 156 S.E. 2d 685.

The Tort Claims Act embraces claims only against State agencies. Recovery against the State agency involved must be based upon the actionable negligence of an employee of such agency while acting in the scope of his employment; but recovery, if any, against the negligent employee must be by common law action. *Wirth v. Bracey,* 258 N.C. 505, 128 S.E. 2d 810. "Prior to the enactment of the Tort Claims Act the Highway Commission, as an agency or instrumentality of the State, enjoyed immunity to liability for injury or loss caused by the negligence of its employees. Even so, then as now, an employee of such agency was personally liable for his own actionable negligence." *Wirth v. Bracey, supra.*

5. "A lessee as tenant of an estate for years takes and holds his term in the same manner as any other owner of realty holds his title, subject to the right of the sovereign to take the whole or any part of it for public use upon the payment to him of just compensation." 26 Am. Jur. 2d, Eminent Domain, § 79. When such leasehold estate is taken under the power of eminent domain, the ownership of personalty kept on the premises taken, but not permanently affixed thereto, is not affected; and the owner is entitled to remove same at his own expense. *Williams v. Highway Commission,* 252 N.C. 141, 113 S.E. 2d 263. "[T]he Highway Commission has no authority to appropriate personal property for public use. G.S. 136-19." *Midgett v. Highway Commission,* 260 N.C. 241, 132 S.E. 2d 599. "No allowance can be made for personal property, as distinguished from

. . . fixtures, located on the condemned premises. . . ." 29A C.J.S., Eminent Domain § 175(1), p. 740.

Plaintiff alleges his leasehold estate has not been condemned by the State Highway Commission. Whether the sign maintained thereon was a part of the realty for which the State Highway Commission must pay just compensation when the leased estate is condemned, may not be raised by demurrer and is not now before us. That is a matter *dehors* the complaint. *Wright v. Casualty Co.,* 270 N.C. 577, 155 S.E. 2d 100; 3 Strong's N. C. Index, Pleadings, § 15. Even so, this is not to say that the measure of damages in this case is correctly reflected in paragraphs 17 and 18 of the complaint. Compensatory damages for injury to personal property is the difference between its fair market value immediately before and immediately after the injury. If the property has no market value the measure of damages may be gauged by the cost of repairs. *Guaranty Co. v. Motor Express,* 220 N.C. 721, 18 S.E. 2d 116; 3 Strong's N. C. Index 2d, Damages § 4.

Tested in light of these legal principles, and liberally construed with a view to substantial justice between the parties, the complaint is sufficient to survive the demurrers. A complaint must be fatally defective before it will be rejected as insufficient. *Gillispie v. Service Stores, supra* (258 N.C. 487, 128 S.E. 2d 762); *Woody v. Pickelsimer,* 248 N.C. 599, 104 S.E. 2d 273.

For the reasons stated the judgments of the learned trial judge overruling the demurrers are

Affirmed.