I respectfully dissent from the majority Decision and Order in this case to affirm the Deputy Commissioner's decision and would vote to reverse on the grounds that Correctional Officer Artis was not negligent but rather acted intentionally and intentional acts cannot support an award of damages under the Tort Claims Act.
In the case at hand, Officer Artis's conduct need only rise to wanton or reckless indifference to be considered intentional for the purposes of excluding the state from liability under the Tort Claims Act. Jenkins v. Department of Motor Vehicles,244 N.C. 560, 94 S.E.2d 577 (1956). Furthermore, if Officer Artis acted wantonly while doing what a man of reasonable intelligence must have known to have been contrary to his duty, as officer Artis has admitted knowing, which would be purposely injurious to another, like plaintiff, the law will imply malice. Gibbons v.Sellars, 273 N.C. 44, 159 S.E.2d 530 (1968).
Officer Artis intentionally violated the Department of Correction's policies and procedures with malice when he knowingly allowed inmate James Freeman to enter plaintiff's cell in exchange for friendship, a shoe shine, and food and drink from inmate Freeman who entered the cell intending to do harm to plaintiff. Officer Artis was immediately suspended and terminated the next day as a result of this incident. Officer Artis has no prior history of similar acts in the course of his employment with Department of Corrections. There is no evidence of improper supervision by Officer Artis, in fact, the evidence tends to show that Officer Artis was actually supervising and had a motive to intentionally allow or not prevent inmate Freeman from assaulting plaintiff. Even Officer Artis admitted that he knew that he was violating Department of Corrections policy at the time of the incident. Furthermore, there is no evidence of negligence in the training of Officer Artis.
Officer Artis knew that nothing but harm could come to plaintiff by allowing inmate Freeman to enter plaintiff's cell and therefore acted intentionally with wantonness and recklessness. In addition, it was a deliberate course of conduct with inmate Freeman with whom Officer Artis admitted a year long friendship. In fact, before entering the cell, inmate Freeman agreed to polish the officer's shoes and gave him food and drink. Therefore, due to the intentional conduct by Officer Artis, if not a deliberate scheme with inmate Freeman, the state is not liable under the Tort Claims Act and for that reason I respectfully dissent.
 S/ __________________________________ DIANNE C. SELLERS COMMISSIONER